**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
RENO, NEVADA**

|  |  |
|---|---|
| ADOLPH DERUISE; and CLARA JANE DERUISE, <br><br>    Plaintiffs, <br><br> vs. <br><br> PROGRESSIVE CASUALTY INSURANCE COMPANY INC.; and VINCE JOHNSON, <br><br>    Defendants. | 3:11-cv-00136-ECR-RAM <br><br> **Order** |

This case arises from an underinsured motorist insurance dispute. Now pending are Defendant Vince Johnson's Motion to Dismiss (#2) and Plaintiffs' Motion to Remand (#11).

The motions are ripe, and we now rule on them.

### **I. Factual and Procedural Background**

The facts as alleged in the complaint are as follows. On November 14, 2008, Plaintiff Adolph DeRuise ("DeRuise") was struck by driver Stephanie Itza when she made an unsafe lane change. The accident forced DeRuise off the road and down a steep embankment, crashed through a chain link fence and ran into a concrete abutment. Stephanie Itza was insured by GEICO. DeRuise was insured by Progressive Casualty Insurance Company ("PCI"). DeRuise's PCI insurance policy included benefits for underinsured/uninsured motorist coverage in an amount up to and including $500,000.00. DeRuise was hospitalized and treated for several injuries, including

1  an acute L2 burst fracture, resulting in severe and constant pain
2  and suffering to date.  DeRuise alleges that as a result of the
3  November 14, 2008 accident, he has incurred medical expenses in
4  excess of $58,000.00, lost income in an amount in excess of
5  $100,000.00, pain and suffering in an amount in excess of
6  $250,000.00.  DeRuise's wife, Clara Jane DeRuise, seeks loss of
7  companionship and consortium in an amount in excess of $10,000.00.
8       On or about July 18, 2009, DeRuise settled for the full policy
9  limit of $15,000.00 with Itza/GEICO.  The full policy amount was
10 insufficient to compensate DeRuise and Clara Jane DeRuise.  The
11 DeRuises sought underinsured motorist benefits from PCI.  PCI failed
12 and delayed to interview the DeRuises and continually requested
13 additional payment to delay resolving the DeRuise claim.  Instead of
14 paying the claim, PCI made "bad faith, insignificant, uninformed and
15 diminished offers to settle the DeRuise claim."  (Compl. Ex. 1-3 ¶
16 20 (#1-3).)
17      Defendant Vince Johnson ("Johnson)" is an adjuster employed by
18 PCI acting within the course and scope of employment on behalf of
19 PCI.  Plaintiffs are elderly.  Plaintiffs allege that Defendant
20 Johnson's actions constituted "exploitation of an older person as
21 set forth in NRS 41.1395."  (Id. ¶ 41.)
22      On January 24, 2011, Plaintiffs filed this action in the Second
23 Judicial District Court of the State of Nevada, alleging (1) breach
24 of contract, (2) breach of the contractual and covenant of good
25 faith and fair dealing, (3) violation of NRS 686A.310, (4) loss of
26 companionship, support and consortium, employment benefits, time and
27 income, (5) exploitation of an older person in violation of NRS
28

1  41.1395, and (6) deceptive trade practices in violation of NRS
2  598.0923(4).
3       On February 23, 2011, Defendants filed a Petition for Removal
4  (#1) to this Court on the basis of diversity jurisdiction, despite
5  conceding that Defendant Johnson's presence in the case destroys
6  diversity.  Defendants argue that Johnson was improperly joined to
7  the case and should be dismissed, which would allow the case to
8  proceed in this Court.  On the same date, Defendant Johnson filed a
9  Motion to Dismiss (#2).  On March 9, 2011, Plaintiffs opposed (#10)
10 the Motion to Dismiss (#2).  On March 21, 2011, Defendant Johnson
11 filed a reply (#14) in support of his Motion to Dismiss (#2).
12      On March 17, 2011, Plaintiffs filed a Motion to Remand (#11) on
13 the basis that there is no diversity in this case.  On April 4,
14 2011, Defendant PCI opposed (#16) the Motion to Remand (#11).

## II. Analysis

17      Defendants contend that because Defendant Johnson is not a
18 proper defendant in this case, diversity jurisdiction is proper and
19 the case should not be remanded to state court.  In the Complaint
20 (#1-3), Plaintiffs allege that Defendant Johnson is "an adjuster
21 employed by Defendant PCI and at all times herein was acting within
22 the course and scope of said employment and on behalf of PCI."
23 (Compl. ¶ 39 (#1-3).)  At first glance, it is difficult for the
24 Court to envision what individual claims, if any, could be brought
25 against the employee of an insurance company that Plaintiffs concede
26 was working within the course and scope of his employment.  See,
27 e.g., Vargas v. California State Auto. Ass'n Inter-Insurance Bureau,

788 F. Supp. 462, 464 (D. Nev. 1992).  Indeed, Plaintiffs agree that "Johnson is not a party to the contract of insurance by and between Plaintiffs and Progressive, and it is not permissible to sue the agent for the imposition of this contractual liability."  (Pls' Opp. to Mot. to Dismiss at 4 (#10).)  Plaintiffs' claims against Johnson, however, are based not on breach of contract or breach of the covenant of good faith and fair dealing, but rather upon a Nevada elder exploitation statute and a theory of deceptive trade practices.

The sixth claim for deceptive trade practices, however, appears to be conceded as improper against Defendant Johnson, as Plaintiffs do not address the claim or its propriety in this context.  By acknowledging that the broader contractual claims against PCI cannot be brought against Johnson, we conclude that Plaintiffs must also be acknowledging that the deceptive trade practices claim against Johnson must also be dismissed.

The claim that Plaintiffs cling to in order to keep Defendant Johnson within the case is the fifth claim for exploitation of an older or vulnerable person in violation of Nev. Rev. Stat. 41.1395. That provision provides that "if an older person or a vulnerable person . . . suffers a loss of money or property caused by exploitation, the person who caused the injury, death or loss is liable to the older person or vulnerable person for two times the actual damages incurred."

"Exploitation" is defined as "any act taken by a person who has the trust and confidence of an older person or a vulnerable person or any use of the power of attorney or guardianship of an older

4

person or a vulnerable person to" obtain control over money, assets, or property of the older or vulnerable person, or to convert money, assets, or property of the older or vulnerable person.  NEV. REV. STAT. 41.1395(b).

Plaintiffs have failed to allege any facts that fit the statutory requirements of a violation of Nev. Rev. Stat. 41.1395 for exploitation of an older or vulnerable person.  It is not alleged that Defendant Johnson was a "person who has the trust and confidence" of DeRuise, or that Johnson ever attempted to obtain control over money, assets, or property of the Plaintiffs.  This is not a case in which amending the complaint would solve the problem. Plaintiffs have not made a case for exploitation in the Complaint (#1-3), opposition (#10) to the Motion to Dismiss (#10), or the Motion to Remand (#11).  The most that Plaintiffs can allege is that Plaintiffs are older or vulnerable persons as defined in Nev. Rev. Stat. 41.1395(4)(d) and (e).  Plaintiffs' argument that the actions of Johnson constitute exploitation as set forth in Nev. Rev. Stat. 41.1395 because Johnson intentionally delayed and withheld policy benefits is simply not in accordance with the statutory definition of exploitation contained in Nev. Rev. Stat. 41.1395.

We can see no reason to find that delaying or withholding insurance policy benefits of an elderly person should constitute a separate tort of exploitation.  While neither side has turned up any case explicitly dealing with a violation of Nev. Rev. Stat. 41.1395, we suspect that the provision seeks to punish behavior very different from that of Defendant Johnson's in this case.  Despite Plaintiffs' arguments to the contrary, this case is an insurance

5

1  policy case where the proper Defendant, as conceded by Plaintiffs,
2  is the insurance company, not the individual claims adjuster, and
3  therefore Defendant Johnson shall be dismissed from this case.
4       Defendant Johnson's dismissal resolves the issue of diversity
5  jurisdiction.  Because both parties agree that the amount in
6  controversy meets the jurisdictional requirement, and diversity
7  exists among the parties, we shall deny Plaintiffs' Motion to Remand
8  (#11).

### III. Conclusion

11      An individual insurance claims adjuster is not the proper party
12 in a breach of contract claim against the insurance company.  Nor
13 does the alleged delaying and withholding of insurance benefits
14 constitute exploitation of older or vulnerable persons in violation
15 of Nev. Rev. Stat. 41.1395.  Therefore, Defendant Johnson must be
16 dismissed from this action and Plaintiffs' Motion to Remand (#11)
17 must be denied.

19      **IT IS, THEREFORE, HEREBY ORDERED** that Defendant Johnson's
20 Motion to Dismiss (#2) is **GRANTED** and all claims against Johnson
21 must be dismissed.
22      **IT IS FURTHER ORDERED** that Plaintiffs' Motion to Remand (#11)
23 is **DENIED**.

25 DATED: August 16, 2011.

_Edward C. Reed._
UNITED STATES DISTRICT JUDGE